ISAAC DOCTOR agt. ROBERT KENDALL and JOSHUA L. BROWN. JOHN BLACKSMITH agt. The Same.

Where, in an action of trespass, the declaration contained two counts in *trespass quare clausum fregit* for the same cause of action, and the counts being alike except the *town* in which the *locus in quo* was situated: Defendant moved to strike out one count on the ground of duplicity, and as calculated to embarrass and increase the expenses of the defence: *Held,* that it might be necessary to retain both counts, to avoid any question about the town in which the *locus in quo* was situate; the plaintiffs' attorney showing they were inserted in good faith, and a belief that they were necessary to secure the plaintiffs' rights.

Doctor agt. Kendall.

*September Term*, 1846.

MOTION by defendants to strike out the fourth count of the plaintiff's declaration in each cause.

This was a motion to strike out the fourth count of the plaintiffs' declarations, on the ground of duplicity, the third and fourth counts being for the same cause of action. The affidavit of defendants' attorney stated that these were actions of trespass; the suits were commenced by declaration, copies of which were annexed to the moving papers, by which it appeared there were four counts; the two first being counts for assault and battery, the third and fourth counts for trespass *quare clausum fregit.* The third counts commenced as follows: "and also for that the said defendants on the same day and year, and at the place last aforesaid (being stated in the second count, 'at the town of *Pembroke*, in the county of Genesee, to wit, at Batavia in the said county of Genesee,') with force and arms broke and entered the close, &c." The fourth counts commenced as follows: "and also for that they, the said defendants, on the said day and year, and at the town of *Alabama*, in the county of Genesee, to wit, at Batavia in the county aforesaid, with force, &c." The third and fourth counts being substantially the same, except *the town*     [*241] in which the *locus in quo* was situated.  Defendants' attorney stated that the defendants had a good defence to the actions, but believed such defence would be embarrassed, and the labor and expense thereof greatly increased by the duplicity of the declarations, the third and fourth counts not even purporting to be for different causes of action, and believed they were framed and made double for the purpose of embarrassing the defence and increasing the labor and expense thereof, and obtaining some technical advantage.  Plaintiffs' attorneys denied that the declarations were framed with four counts as stated, with a view to embarrass the defence or increase the expense thereof, or to obtain any technical advantage, but were drawn in good faith, and they believed all the counts were necessary to secure the plaintiffs' rights.

Gardner agt. Teller.

J. A. COLLIER, *defendants' counsel.*
J. L. BROWN, *defendants' attorney.*
N. HILL, JR., *plaintiffs' counsel.*
VERPLANK & MARTINDALE, *plaintiffs' attorneys.*

BRONSON, Chief Justice. It appears that the fourth count was inserted in good faith, and in the belief that it was essential to the plaintiffs' rights; and it is not certainly clear but that the count may be necessary for the purpose of avoiding any question about the town in which the *locus in quo* is situate. The addition of that count can not put the defendants to much trouble or expense. *Motions denied.*